1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 | CLAYTON TREVOR MACK,          CASE NO. 09-CV-1700 JLS (AJB)

12 |                  Petitioner,  **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION, (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY**

13 |   vs.

14 | ROBERT HERNANDEZ,

15 |                  Respondent.   (Doc. No. 19)

16

17    Presently before the Court is Clayton Trevor Mack's (Petitioner) petition for a writ of habeas
18  corpus pursuant to 28 U.S.C. § 2254 and Magistrate Judge Anthony J. Battaglia's Report and
19  Recommendation ("R&R") advising this Court to dismiss the petition. (Doc. Nos. 1 & 19.)
20    Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the
21  duties of a district court in connection with a magistrate judge's report and recommendation. "The
22  district court must make a *de novo* determination of those portions of the report . . . to which objection
23  is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations
24  made by the magistrate." 28 U.S.C. 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614,
25  617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). However, in the absence of
26  timely objection, the Court need "only satisfy itself that there is no clear error on the face of the
27  record." Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing *Campbell v. U.S. Dist. Court*,
28  501 F.2d 196, 206 (9th Cir. 1974)).

1   In this case, Petitioner has not timely filed objections to Magistrate Judge Battaglia's R&R. Thus, the Court has reviewed the R&R for clear error. Finding none, and noting that Judge Battaglia's Order is thorough, well reasoned, and no contains no clear error, the Court **ADOPTS** the R&R in full and **DISMISSES** the petition as barred by the statute of limitations.

Finally, this Court is under an obligation to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of appealability indicating which issues satisfy the required showing or (2) state why a certificate should not issue. Fed. R. App. P. 22(b).

The certificate of appealability is **DENIED**. The petition here raises four claims: (1) denial of Petitioner's request to replace his retained counsel with another attorney in violation of the Sixth Amendment, (Petition at 10) (2) denial of his right to represent himself in violation of Petitioner's right to due process, (Petition at 11) (3) denial of due process based on his trial being fundamentally unfair as a result of claims 1 and 2, (Petition at 12) and (4) denial of his Sixth Amendment rights based on judicial fact-finding. (Petition at 13–14.) In reviewing these questions the Court must conclude that reasonable jurists would agree that the California Court of Appeal's denial of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law. Accordingly, no certificate of appealability should issue.

IT IS SO ORDERED.

DATED: June 16, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge